```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

    V.                Criminal No. 08-50026-001

EDWIN G. ALVARADO                              DEFENDANT/MOVANT

### **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Currently before the undersigned is a motion filed by Defendant/Movant Edwin G. Alvarado (hereinafter "the Defendant") seeking relief under Federal Rule of Civil Procedure 60(b). (Doc. 179.) The Government has filed a Response (Doc. 180) and the Defendant has filed a Reply (Doc. 186) thereto. The matter is now ripe for consideration and the undersigned, being well and sufficiently advised, finds and recommends as follows:

### **BACKGROUND**

On June 6, 2008, pursuant to a written plea agreement, the defendant pled guilty to conspiring to distribute methamphetamine, in violation of 18 U.S.C. §§ 841(a)(1) and 846, and distributing more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (Doc. 104.) At his sentencing hearing on January 23, 2009, the district court granted the Government's motion for a five-level downward departure under U.S.S.G. 5K1.1, based on defendant's substantial assistance in the Government's investigation of the distribution of methamphetamine. The Court sentenced the defendant to 188 months imprisonment (the bottom of the Guideline range) and 5 years supervised released on each

count, with the terms to run concurrently; a $50,000 fine; and a $200 special assessment.  (Doc. 140.)  The defendant did not appeal his conviction or sentence.

On August 12, 2010, the Court adopted the Report and Recommendation of the undersigned and granted Defendant's 28 U.S.C. § 2255 motion with regard to Defendant's claim that his counsel filed to file an appeal. (Doc. 150, 166, 169.)  The Court vacated Defendant's sentence so as to allow him an opportunity to appeal.  On September 28, 2010, the Court resentenced the Defendant to the same sentence originally imposed.  (Doc. 173.) Defendant did not file a direct appeal.  On May 16, 2012, the Government filed a motion to reduce Defendant's sentence pursuant to Federal Rule of Criminal Procedure 35.  The motion was based on Defendant's willingness to provide information and testify against Raul Vega Cabrera, who supplied methamphetamine to the Defendant.[1] The Court granted the Government's motion and, on June 6, 2012, entered an amended judgment reducing Defendant's sentence to 151 months imprisonment.  (Doc. 178.)

In the motion now before the Court, Defendant moves the Court "to correct an error in his criminal offense level," asserting that he should not have received a four-level enhancement for being a "leader" of the offense, as Raul Vega Cabrera "was in fact the boss, leader and controlled the complete operation."  (Doc.

---

[1] Vega Cabrera pled guilty to two counts of use of a communication facility in furtherance of the distribution of methamphetamine and, on May 14, 2012, was sentenced to 96 months imprisonment and a $20,000.00 fine.  (Case No. 08-50058 Docs. 24, 29.)

179 at pgs. 1-2.)  Defendant seeks relief under Federal Rule of Civil Procedure 60(b)(2), arguing that Vega Cabrera's leadership role in the offense constitutes newly discovered evidence. Defendant also seeks relief under Rule 60(b)(3), arguing that the presentence investigation report misrepresented that he was a leader of the offense.

## DISCUSSION

Rule 60(b) does not apply to criminal proceedings, and thus, provides no basis for Defendant's requested relief from his sentence.  See United States v. Corrigan, No. 13-7753, 2014 WL 717530, at *1 (4th Cir. Feb. 26, 2014); United States v. Gonzalez-Bueno, No. 12-6204, 2013 WL 470785, at *1 (10th Cir. Feb. 8, 2013); United States v. Perez, No. 12-10256, 2012 WL 5626344, at *1 (11th Cir. Nov. 15, 2012).  To the extent Defendant's motion might be construed as seeking relief under 28 U.S.C. § 2255, as the Government points out, Defendant has procedurally defaulted his claim because he did not file a direct appeal and he has not demonstrated cause and prejudice for his failure to do so.  Eagle v. United States, 742 F.3d 1079, 1081-82 (8th Cir. 2014).

Further, Defendant's claim is, in any event, without merit. A four-level enhancement applies under U.S.S.G. § 3B1.1(a) if a defendant was an organizer or leader of a criminal activity that involved five or more participants.  "[T]itles such as . . . 'boss' are not controlling":

> Factors the court should consider include the exercise of decision making authority, the nature of

> participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others. There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy.

U.S.S.G. App. N. 4. Even if, as Defendant contends, Vega Cabrera was "the boss, leader and controlled the complete operation," Defendant was also appropriately characterized as an organizer or leader. The presentence report recited facts indicating that while Vega Cabrera was Defendant's source of methamphetamine supply, Defendant himself was a multi-pound distributor in the Northwest Arkansas area; Defendant offered to buy another methamphetamine distribution business for $80,000.00; and several individuals worked with and for Defendant (eleven individuals were listed as co-defendants or as related cases).

## CONCLUSION

Based upon the foregoing analysis, the undersigned recommends that Defendant's motion seeking relief from his sentence (Doc. 179) be **DENIED.**

To the extent Defendant's motion is construed as seeking relief under § 2255, an appeal may not be taken unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(1)(B) & (c)(2).  A "substantial showing" is a showing that "'issues are debatable

among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.'" Cox v. Norris, 133 F.3d 565, 569 and n.2 (8th Cir. 1997). Based upon the above analysis of Defendant's claim, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends, that a certificate of appealability be denied.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of May, 2014.

*/s/ Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE